# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| JP Morgan Chase Bank, National Association, | : <br> : <br> : C. A. No. S18L-07-047 CAK <br> : |
| Plaintiff, | : <br> : |
| v. | : <br> : <br> : |
| William M. Shea and Providence Owners Association, Inc. | : <br> : |
| Defendants | : <br> : |

## OPINION AND ORDER

*Upon Plaintiff's Motion to Set Aside Sheriff's Sale*

## GRANTED

The dual goal of any Sheriff's Sale is to follow the procedural rules and achieve the highest price. This Sheriff's Sale involved a bidding error, and a sale price that was either just below or just above 50% of the value of the property, depending upon which appraiser's opinion I accept. I have wide discretion to review Sheriff's Sales. In my view, the high bid at this sale was insufficient and prejudicial to both the lender and the owner. The low price was primarily the result of a bidding error of the lender's agents. Had I addressed the issue of whether a unilateral bidding error by the lender was sufficient to set aside

a Sheriff Sale on my own, I might have answered no. However, the Delaware Supreme Court twenty five years ago answered yes,[1] as I will do. Given the low price and the bidding error, I am exercising my discretion to set aside the sale. Under the circumstances, and because of the lender's error, I also will require the lender to make the successful bidder whole.

## FACTS

The facts are simple and undisputed (with the sole exeception of the appraisal of the property). Plaintiff JP Morgan Chase Bank, National Association, ("JP Morgan") filed a foreclosure action against a landowner, Defendant William M. Shea ("Shea") to sell residential real property owned by Shea with a postal address of 5 John Hall Drive, Ocean View, Delaware, the property went to sale and was purchased by 1995 Property Management, Inc. ("1995") for the price of $109,000. Shortly after the sale was completed, JP Morgan realized its agents had made a mistake in executing its bidding instructions. In short, an error was made by the law firm for JP Morgan, and the firm did not bid up to the maximum bid price of just under $206,800, as directed. When JP Morgan realized the error, and within a week of the sale, it notified 1995, and shortly thereafter filed this Motion.

---

[1] *Burge v. Fidelity Bond and Mortgage Co.,* 648 A.2d 414 (Del. 1994)

# ANALYSIS

> "Judicial review of a contested Sheriff's
> Sale implicates the Court's inherent equitable
> power to control the execution process
> and functions to protect the affected parties
> from injury or injustice."[2]

Mistake of fact, including a unilateral mistake, may be grounds to set aside a Sheriff's Sale.[3] The Superior Court has broad discretion to confirm or set aside a Sheriff's Sale.[4]

In the scale of reasons to set aside a Sheriff's Sale, a bidder's unilateral error is towards the weaker end. As 1995 argues, the unilateral error of JP Morgan to justify setting a sale aside gives the lender rights which are superior to all other bidders. For me, though, when that error is coupled with an inadequate price, the tipping point has been reached.

The sale price of $109,000 is less than half of the property value, if the appraisal by JP Morgan is accepted, or just over 53% of the property value, if the appraisal provided by 1995 is accepted. I utilize the appraisal provided by 1995. It is for more comprehensive and includes a review and analysis of both the interior and exterior of the property. The appraisal provided by JP Morgan was a

---

[2] *Burge v. Fidelity Bond and Mortgage Co.*, 648 A.2d 414 (1994), at 420.

[3] *Id.*

[4] *Id.*

classic "ride by" appraisal which fails to consider a number of issues in the interior.

The math works as follows: 1995's appraisal gave a value of $204,000. $109,000 divided by $204,000 equals 53%. JP Morgan's appraisal was $240,000. $109,000 divided by $240,000 equals 45%.

Delaware law provides a bright line. If a property is sold at Sheriff's Sale for less than half its fair market value (the 50% test), it "shocks the conscience of the Court", and justifies setting aside the sale.[5]

Acceptance of 1995's appraisal puts the price-to-value ratio at just over 50%. I find little solace that this exceeds the necessarily arbitrary figure of 50 percent, especially when the difference, as here, is nominal. The low price coupled with the bidding error is enough for me. I also think it is important that Shea get the maximum reduction of his indebtedness to JP Morgan.

Bidders at foreclosure sales often look for bargains. This bargain in my mind was too much.

As in *Burge*, supra, 1995 here makes the argument that JP Morgan should be estopped from raising its error (through its agents) as a reason for setting aside the sale. I find that the error was the agents' not JP Morgan's, and reject the estoppel argument for the same reasons it was rejected in *Burge*.

---

[5]*Home Beneficial Life Insurance Co. v. Blue Rock Etc,* 379 A.2d 1147 (Del. Super. 1977)

There is a price to pay, however, by JP Morgan for its error. 1995 is entitled to recover all its costs, including attorneys' fees expended in litigating this case. JP Morgan will be required to reimburse 1995. If there is a dispute as to that amount, counsel shall inform me and I will determine an exact amount.

Plaintiff JP Morgan's motion to set aside the Sheriff's Sale is **GRANTED**.

The Sheriff shall refund to 1995 all its payments. JP Morgan shall reimburse 1995 all its costs and attorneys' fees incurred in this case.

**IT IS SO ORDERED**

_____
Craig A. Karsnitz